UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHEEK,<br><br>            Plaintiff,<br><br>    vs.<br><br>EZRA COSBY, Investigation Officer, *et al.*,<br><br>            Defendants. | Case No. 1:10-cv-01664-RRB<br><br>**ORDER REGARDING COMPLAINT** |

Michael Cheek, a civil committee in the Coalinga State Hospital appearing *pro se* and *in forma pauperis*, brings this action against various officials and employees.[1]

I.  **GRAVAMEN OF COMPLAINT**

Cheek's action arises out of a search of Cheek's person, his personal property, clothing, and room for drugs. Cheek alleges that in conducting a search, officers unnecessarily slammed him against

---

[1] In addition to Cosby, Cheek has included as defendants: Pam Ahlin, Director; Montoya, Chief of Police Services; Busacca, Special investigations Officer; Gonzales, Investigation Officer; Gonzales, Investigation Officer; S. Hicks, Department of Police Services; Holman, Department of Police Services; Walker, Department of Police Services; C. Murray, Department of Police Services; V. Duvall, Department of Police Services; A. Alvarado; Lt. Raboa-O51 [*sic*]; the Department of Police Services; the Department of Mental Health; and five John Does.

ORDER RE COMPLAINT
*Cheek v. Ahlin*, 1:10-cv-1664-RRB - 1

a wall, handcuffed him, and then conducted a body search, including an unnecessary digital penetration of his anus.

## II.  STANDARDS

This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[2] In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[3] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[4]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[5] "[A] complaint

---

[2] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); see *Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[3] Fed. R. Civ. P. 8(a)(2).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[5] *Iqbal*, 556 U.S. at 678–69; see *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying (continued...)

[that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[6] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[7] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[8]

Section 1983 suits do not support vicarious liability, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his or her rights.[9] To impose liability on a supervisor, the supervisor's wrongful conduct must be sufficiently causally connected to the constitutional violation.[10] That is, the official must "implement a policy so

---

[5](...continued)
*Iqbal* and *Twombly*).

[6]   *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

[7]   *Id.*

[8]   *Id.* (quoting *Twombly*, 550 U.S. at 555).

[9]   *Id.* at 677; *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 691-95 (1978) (rejecting the concept of *respondeat superior* in the context of § 1983, instead requiring individual liability for the violation).

[10]   *See Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (*abrogated in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994)).

ORDER RE COMPLAINT
*Cheek v. Ahlin* , 1:10-cv-1664-RRB - 3

deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."[11]

> A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir.1978) (*Johnson*) (emphasis added). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. [Citations omitted.][12]

## III. DISCUSSION

Cheek seeks compensatory and punitive damages for pain and suffering and emotional distress, as well as declaratory relief arising out of a strip search. The Complaint is essentially a rambling recitation of a series of events, some of which may give rise to a viable complaint of excessive force in conducting a search, but for the most part constitutes mere surplusage that does not constitute actionable conduct under § 1983. Although strip searches, including invasive searches of the body cavities, do not *per se* violate the Eighth Amendment, accepting Cheek's allegations as true, as this court must, Cheek raises a colorable claim for

---

[11] *Id.* (internal quotation marks and citations omitted).

[12] *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoted with approval in *Tennison v. City and County of San Francisco.*, 570 F.3d 1078, 1096 (9th Cir. 2009)).

ORDER RE COMPLAINT
*Cheek v. Ahlin* , 1:10-cv-1664-RRB - 4

excessive force in violation of the Eighth Amendment prohibition of using excessive force that constitutes "the unnecessary and wanton infliction of pain."[13] It is well settled that the use of force must be made in a good-faith effort to maintain or restore discipline, but may not be used to maliciously and sadistically cause harm.[14] To determine if the use of force was wanton and unnecessary, this Court must examine the necessity of force, the relationship between necessity and amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response.[15]

Normally, in formulating a Complaint, a plaintiff must identify who did what and when. In this case, Cheek has alleged that six Department of Police Service ("DPS") employees were involved in the initial seizure of his person, but does not identify any of them by name. Cheek has also alleged that Officer Buscacca and five unidentified DPS Officers were involved in the strip search. It appears from the Complaint that Cheek can identify the officers involved, although he may not be able to identify which specific officer did what. For the purposes of his Amended Complaint, it is sufficient for Cheek to identify the officers

---

[13] *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986).

[14] *See Hudson v. McMillan*, 503 U.S. 1, 7 (1992).

[15] *Id.*

involved without necessarily identifying which specific officer did which act that violated his constitutional rights. Which Officer committed the act for which relief may be granted may be ascertained through discovery should this action proceed to that point.

**IV. ORDER**

For the reasons set forth above, the Court hereby **ORDERS** as follows:

1. The Complaint is **DISMISSED** with leave to amend.

2. On or before **May 17, 2013**, Plaintiff may file an Amended Complaint consistent with Parts II and III above, specifically: Plaintiff may proceed on his claim that one or more of the Defendants used excessive force in initially placing Plaintiff in handcuffs and in conducting the search of his anus; naming solely those Defendants who directly participated in the allegedly unconstitutional strip search, or who failed to perform an act which he or she is legally required to do that caused the deprivation of Plaintiff's constitutional right; and specifying the act(s) of each such Defendant that constituted a deprivation of Plaintiff's constitutional right.

**IT IS SO ORDERED** this 15th day of April, 2013.

                                S/RALPH R. BEISTLINE
                                UNITED STATES DISTRICT JUDGE