UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHEEK,<br><br>                    Plaintiff,<br><br>          vs.<br><br>EZRA COSBY, *et al.*,<br><br>                    Defendants. | Case No. 1:10-cv-01664-RRB<br><br>**ORDER GRANTING MOTION FOR**<br>**SUMMARY JUDGMENT AT DOCKET 33**<br>**and**<br>**DENYING MOTIONS AT**<br>**DOCKETS 30 AND 34 AS MOOT** |

## I.      PENDING MOTIONS

At **Docket 33** Defendants P. Bisacca and E. Cosby filed a Motion for Summary Judgment.  Although provided with a *Rand* warning,[1] Plaintiff has failed to timely oppose the motion or to request additional time within which to oppose the motion.

Also pending before the Court are Plaintiff's Pretrial Motions at **Docket 30** and Defendants' Motion in Limine at **Docket 34**.  Neither of which have been timely opposed.

Therefore, the pending motions are submitted for decision on the moving papers without oral argument.[2]

## II.     BACKGROUND/ISSUES PRESENTED

Plaintiff Michael Cheek, a civil committee held in the Coalinga State Hospital appearing *pro se*, brought this civil rights action under 42 U.S.C. § 1983 against various

---

[1] Docket 35.

[2] L.R. 230(I).

officials and employees of the California Department of State Hospitals.  After screening the First Amended Complaint, the Court permitted Cheek to proceed on his Fourth Amendment unreasonable search and seizure claim as against Officer Ezra Cosby and OSI Investigator P. Bisacca; all other claims and defendants were dismissed.[3]

In his Amended Complaint Cheek contended that Defendants Cosby and Bisacca orchestrated, ordered, or participated in an unlawful and unwarranted digital rectal cavity search without probable cause.  In their motion Defendants Cosby and Bisacca contend (1) the search was conducted in accordance with the execution of a judicially authorized search warrant; and (2) in any event, they were entitled to qualified immunity in executing the search warrant.

The sole issue before this Court is whether or not the digital rectal cavity search violated Cheek's constitutional Fourth Amendment right to be free from unreasonable searches and seizures.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment in its favor as a matter of law.[4]  Support and opposition to a motion for summary judgment is made by affidavit made on personal knowledge of the affiant, depositions, answers to interrogatories, setting forth such facts as may be

---

[3]  Docket 16.

[4]  Fed. R. Civ. P. 56(c); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*); *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989).

admissible in evidence.[5]   In response to a properly supported motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial.[6]   The issue of material fact required to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.   In order to show that a genuine issue of material fact exists a nonmoving plaintiff must introduce probative evidence that establishes the elements of the complaint.[7] Material facts are those which may affect the outcome of the case.[8]   A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.[9]   "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment."[10]   The evidence of the non-moving party is to be believed and all justifiable inferences are drawn in his favor.[11]   The moving party has the burden of showing there is no genuine issue of material fact;

---

[5]  Fed. R. Civ. P. 56(e).

[6]  *Id.*; *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002).

[7]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[8]  *Id.*

[9]  *Id.*

[10]  *Id.* at 255.

[11]  *Id.*

therefore, he bears the burden of both production and persuasion.[12]  The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial.  The moving party need only point out to the Court that there is an absence of evidence to support the non-moving party's case.[13]  There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.[14]

In general, in ruling on a motion for summary judgment, a court may not weigh the evidence or judge the credibility of witnesses.[15]  Instead, it generally accepts as true statements made under oath.[16]  However, this rule does not apply to conclusory statements unsupported by underlying facts,[17] nor may the court draw unreasonable inferences from the evidence.[18]

Although no opposition to the motion has been filed, the court may not automatically grant summary judgment.  In that case, as here, the court must determine from the moving papers that the moving party has demonstrated the lack of a triable issue of fact and that judgment must be entered in the moving party's favor as a matter of law.[19]

---

[12]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).

[13]  *Sluimer v. Verity, Inc.*, 606 F.3d 584, 586 (9th Cir. 2010); *see Celotex*, 477 U.S. at 325.

[14]  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

[15]  *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[16]  *Earp v. Ornoski*, 431 F.3d 1158, 1170 (9th Cir. 2005).

[17]  *Walker v. Sumner*, 917 F.2d 382, 387 (9th Cir. 1990).

[18]  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *McLaughlin v. Liu*, 849 F.2d 1205, 1207–1209 (9th Cir. 1988).

[19]  *See* Fed. R. Civ. P. 56(a); *Martinez v. Stanford*, 323 F.3d 1178, 1182–83 (9th Cir. 2003).

III.    **DISCUSSION**

As relevant to the pending motion for summary judgment, the pertinent facts in this case are undisputed:

1.    Upon the Affidavit of Defendant P. Bisacca, the Fresno County Superior Court issued a search warrant authorizing *inter alia* the search of the "body cavities and person of Michael Cheeks."[20]

2.    The body cavity search was conducted by Jagsir Sandhu, M.D., in the presence of the declarant, also a medical doctor, in a medical examining room pursuant to the search warrant.[21]

The warrant itself clearly authorized the search of Cheek's body cavities, and the search itself was conducted by a physician.  Thus, not only was the body cavity search authorized by the search warrant, but the manner in which it was conducted was not unreasonable.[22]  Here, as Defendants correctly note, Cheek's Amended Complaint does not challenge the validity of the search warrant.  Indeed, while acknowledging the existence of the search warrant, Cheek specifically alleged:

> 4. That it should be noted that nowhere within the Warrant did it instruct or authorize the defendants to perform an invasive physical search of my internal organs for contraband;
>
> * * * *
>
> 11. That Defendant Bisacca informed me that he was going to now search my body by having my intestines searched by hand;

---

[20]  Declaration of Bisacca, Exhibit A, Docket 33-3, pp 9–15.

[21]  Declaration of Perlita A. McGuiness, M.D., Docket 33-6.

[22]  *See United States v. Fowlkes*, 770 F.3d 748, 759 (9th Cir. 2014) (discussing the factors considered in evaluating the whether the manner in which a body search is conducted is reasonable); *United States v. Cameron*, 538 F.2d 254, 258 (9th Cir. 1976)).

12. That I informed Defendant Bisacca that there was no authority to conduct such an invasive search, without cause;

l3.  That I stated that the Warrant indicated a Visual Body Cavity Search, X-Ray and "Potty Watch" if reasonable;[23]

It is clear that the gravamen of Cheek's action is that the digital search of his body was not authorized by the search warrant, not that the search warrant itself was invalid.

Based upon the record before it, it is indisputable that:  (1) the search of Cheek's body cavities was authorized by the search warrant; and (2) the manner in which the search was conducted did not violate any constitutional right cognizable in this Court. Accordingly, based upon the facts and the law, Cheek is not entitled to the relief requested, or any relief at all.

Although unnecessary to resolution of the pending motion, the Court also notes that the Defendants in this case are more likely than not also entitled to qualified immunity. Qualified immunity is analyzed using the two-step inquiry set forth in *Saucier*.[24]  The first step of the *Saucier* analysis requires the court to decide whether the search of his person violated his constitutional rights.[25]  If so, "the next, sequential step is to ask whether the right was clearly established."  *Id*.  For a right to be clearly established, its contours "'must be sufficiently clear that a reasonable official would understand that what he is doing violates the right.'"[26]  The protection afforded by qualified immunity "safeguards 'all but the

---

[23] Docket 15 "Plaintiff's Declaration of Facts in Support of Complaint for Damages Pursuant to 42 USC §1983."

[24]  *Saucier v. Katz*,  533 U.S. 194 (2001).

[25]  *Id.* at 201.

[26]  *Id.* at 202 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1997)).

plainly incompetent or those who knowingly violate the law.'"[27]   In this case, as noted above, Cheek's Amended Complaint fails to satisfy either prong of the *Saucier* test.

## IV.   ORDER

Based upon the foregoing, Defendants' Bisacca's and Cosby's Motion for Summary Judgment at **Docket 33** is **GRANTED**.  The Amended Complaint is hereby **DISMISSED** in its entirety as against all defendants.

Plaintiff's Pretrial Motions at **Docket 30** and Defendants' Motion in Limine at **Docket 34** are **DENIED** as moot.

This Court, having fully considered the matter finds that reasonable jurists could not disagree with this Court's resolution of Plaintiff's constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Accordingly, any appeal would be frivolous or taken in bad faith.[28]   Therefore, Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

The Clerk of the Court is directed to enter judgment of dismissal, with prejudice, stating that the dismissal counts as a "strike" under 42 U.S.C. § 1915(g).

**IT IS SO ORDERED**

Dated this 10th day of December, 2014

                                      S/ RALPH R. BEISTLINE
                                      UNITED STATES DISTRICT JUDGE

---

[27] *Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist.,* 149 F.3d 971, 977 (9th Cir. 1998) (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)).

[28] 28 U.S.C. § 1915(a)(3);  *see Hooker v. American Airlines,* 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of *in forma pauperis* status is appropriate if the appeal is frivolous).