UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHEEK,<br><br>          Plaintiff,<br><br>vs.<br><br>EZRA COSBY, *et al.*,<br><br>          Defendants. | Case No. 1:10-cv-01664-RRB<br><br>**ORDER GRANTING MOTION FOR**<br>**SUMMARY JUDGMENT AT DOCKET 33**<br>**and**<br>**DENYING MOTIONS AT**<br>**DOCKETS 30 AND 34 AS MOOT** |

## I.    INTRODUCTION

At **Docket 33** Defendants Cosby and Bisacca filed a Motion for Summary Judgment. Plaintiff Michael Cheek has opposed the motion[1] and Defendants have replied.[2] Also pending before the Court are Plaintiff's Pretrial Motions at **Docket 30** and Defendants' Motion in Limine at **Docket 34**, neither of which have been timely opposed.

Although initially the Court granted the motions as unopposed,[3] upon receipt of an opposition to the motion for summary judgment timely filed under the prison mailbox rule, the

---

[1]  Docket 40.

[2]  Docket 42.

[3]  Docket 33.

Court vacated that order.[4] The Court now being fully advised in the premises, the matters are re-submitted for decision on the moving and opposing papers without oral argument.[5]

## II.   BACKGROUND/ISSUES PRESENTED

Plaintiff Michael Cheek, a civil committee held in the Coalinga State Hospital appearing *pro se*, brought this civil rights action under 42 U.S.C. § 1983 against various officials and employees of the California Department of State Hospitals. After screening the First Amended Complaint, the Court permitted Cheek to proceed on his Fourth Amendment unreasonable search and seizure claim as against Officer Ezra Cosby and OSI Investigator P. Bisacca; all other claims and defendants were dismissed.[6]

In his Amended Complaint Cheek contended that Defendants Cosby and Bisacca orchestrated, ordered, or participated in an unlawful and unwarranted digital rectal cavity search without probable cause. In their motion Defendants Cosby and Bisacca contend (1) the search was conducted in accordance with the execution of a judicially authorized search warrant; and (2) in any event, they were entitled to qualified immunity in executing the search warrant.

The sole issue before this Court is whether or not the digital rectal cavity search violated Cheek's constitutional Fourth Amendment right to be free from unreasonable searches and seizures.

_____

[4]  Docket 41.

[5]  LR 230(l).

[6]  Docket 16.

III.     STANDARD OF REVIEW

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment in its favor as a matter of law.[7] Support and opposition to a motion for summary judgment is made by affidavit made on personal knowledge of the affiant, depositions, answers to interrogatories, setting forth such facts as may be admissible in evidence.[8] In response to a properly supported motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial.[9] The issue of material fact required to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial. In order to show that a genuine issue of material fact exists a nonmoving plaintiff must introduce probative evidence that establishes the elements of the complaint.[10] Material facts are those which may affect the outcome of the case.[11] A dispute as to a material fact is genuine if there is sufficient evidence

---

[7]  Fed. R. Civ. P. 56(c); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*); *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989).

[8]  Fed. R. Civ. P. 56(e).

[9]  *Id.*; *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002).

[10]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[11]  *Id.*

for a reasonable jury to return a verdict for the non-moving party.[12] "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment."[13] The evidence of the non-moving party is to be believed and all justifiable inferences are drawn in his favor.[14] The moving party has the burden of showing there is no genuine issue of material fact; therefore, he bears the burden of both production and persuasion.[15] The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only point out to the Court that there is an absence of evidence to support the non-moving party's case.[16] There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.[17]

In general, in ruling on a motion for summary judgment, a court may not weigh the evidence or judge the credibility of witnesses.[18] Instead, it generally accepts as true

---

[12] *Id.*

[13] *Id.* at 255.

[14] *Id.*

[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).

[16] *Sluimer v. Verity, Inc.*, 606 F.3d 584, 586 (9th Cir. 2010); *see Celotex*, 477 U.S. at 325.

[17] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[18] *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

statements made under oath.[19] However, this rule does not apply to conclusory statements unsupported by underlying facts,[20] nor may the court draw unreasonable inferences from the evidence.[21]

## IV.    DISCUSSION

As relevant to the pending motion for summary judgment, the pertinent facts in this case are undisputed:

1.    Upon the Affidavit of Defendant P. Bisacca, the Fresno County Superior Court issued a search warrant authorizing *inter alia* the search of the "body cavities and person of Michael Cheeks."[22]

2.    The body cavity search was conducted by Jagsir Sandhu, M.D., in the presence of the declarant, also a medical doctor, in a medical examining room pursuant to the search warrant.[23]

The warrant itself clearly authorized the search of Cheek's body cavities, and the search itself was conducted by a physician.[24] Thus, not only was the body cavity search

---

[19]   *Earp v. Ornoski*, 431 F.3d 1158, 1170 (9th Cir. 2005).

[20]   *Walker v. Sumner*, 917 F.2d 382, 387 (9th Cir. 1990).

[21]   *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *McLaughlin v. Liu*, 849 F.2d 1205, 1207–1209 (9th Cir. 1988).

[22]   Declaration of Bisacca, Exhibit A, Docket 33-3, pp 9–15.

[23]   Declaration of Perlita A. McGuiness, M.D., Docket 33-6.

[24]   The Court notes that there is a degree of inconsistency between the allegations of the Complaint and the facts as recited in Cheek's opposition. In particular, although Cheek infers in his Complaint that the Defendants conducted the invasive body search, in his

authorized by the search warrant, but the manner in which it was conducted was not

unreasonable.[25] Here, as Defendants correctly note, Cheek's Amended Complaint does not

challenge the validity of the search warrant. Indeed, while acknowledging the existence of the

search warrant, Cheek specifically alleged:

> 4. That it should be noted that nowhere within the Warrant did it instruct or authorize the defendants to perform an invasive physical search of my internal organs for contraband;
>
> *   *   *   *
>
> 11. That Defendant Bisacca informed me that he was going to now search my body by having my intestines searched by hand;
> 12. That I informed Defendant Bisacca that there was no authority to conduct such an invasive search, without cause;
> l3. That I stated that the Warrant indicated a Visual Body Cavity Search, X-Ray and "Potty Watch" if reasonable;[26]

It is clear that the gravamen of Cheek's action is that the invasive digital search of his body

was not authorized by the search warrant, not that the search warrant itself was invalid. In his

opposition Cheek unequivocally concedes he is not contesting the validity of the warrant.[27]

---

opposition Cheek clarifies that Bisacca directed the search and Cosby held Cheek while unidentified others actually conducted the invasive anal search. Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Docket 40, p. 6.

[25] *See United States v. Fowlkes*, 770 F.3d 748, 759 (9th Cir. 2014) (discussing the factors considered in evaluating whether the manner in which a body search is conducted is reasonable in the context of a warrantless search under the Fourth Amendment); *United States v. Cameron*, 538 F.2d 254, 258 (9th Cir. 1976) (noting that the Fourth Amendment imposes a stricter standard on the means and procedures of a body search than does the due process clause)).

[26] Plaintiff's Declaration of Facts in Support of Complaint for Damages Pursuant to 42 U.S.C. §1983, Docket 15.

[27] Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Docket 40, p. 7.

Cheek argues that the invasive anal search exceeded the scope of the warrant, i.e., that the warrant was limited to a visual, non-invasive search of body cavities, but somehow did not encompass an invasive anal search. As Defendants correctly note, in addition to the fact that Cheek cites no authority for this somewhat novel argument, Cheek's argument overlooks the fact that the search warrant itself incorporates by reference the application for the warrant that did specifically include an anal cavity search.[28]

Based upon the record before it, it is indisputable that: (1) the search of Cheek's body cavities was authorized by the search warrant; and (2) the manner in which the search was conducted did not violate any constitutional right cognizable in this Court. Accordingly, based upon the facts and the law, Cheek is not entitled to the relief requested, or any relief at all.

Although unnecessary to resolution of the pending motion, the Court also notes that the Defendants in this case are also entitled to qualified immunity. Qualified immunity is analyzed using the two-step inquiry set forth in *Saucier*.[29] The first step of the *Saucier* analysis requires the court to decide whether the search of his person violated his constitutional rights.[30] If so, "the next, sequential step is to ask whether the right was clearly established." *Id.* For a right to be clearly established, its contours "'must be sufficiently clear

---

[28] Declaration of Bisacca, Exhibit A, Docket 33-3, p 14; *see United States v. SDI Future Health, Inc.*, 568 F.3d 684, 699 (9th Cir. 2009).

[29] *Saucier v. Katz*, 533 U.S. 194 (2001).

[30] *Id.* at 201.

that a reasonable official would understand that what he is doing violates the right.'"[31] The protection afforded by qualified immunity "safeguards 'all but the plainly incompetent or those who knowingly violate the law.'"[32] In this case, as noted above, Cheek's Amended Complaint fails to satisfy either prong of the *Saucier* test.[33]

## V.   ORDER

Based upon the foregoing, Defendants' Bisacca's and Cosby's Motion for Summary Judgment at **Docket 33** is **GRANTED**. The Amended Complaint is hereby **DISMISSED** in its entirety as against all defendants.

Plaintiff's Pretrial Motions at **Docket 30** and Defendants' Motion in Limine at **Docket 34** are **DENIED** as moot.

This Court, having fully considered the matter, finds that reasonable jurists could not disagree with this Court's resolution of Plaintiff's constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.

---

[31]  *Id.* at 202 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1997)).

[32]  *Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist.,* 149 F.3d 971, 977 (9th Cir. 1998) (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)).

[33]  The Court notes that, in light of the fact that the decisions invalidating invasive body searches involved warrantless searches, nothing in existing law placed a reasonable officer on notice that an invasive search of a body cavity exceeded the scope of a warrant that specifically authorized body cavity searches, i.e., that it was limited to noninvasive visual searches only.

Accordingly, any appeal would be frivolous or taken in bad faith.[34] Therefore, Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

The Clerk of the Court is directed to enter judgment of dismissal, with prejudice, stating that the dismissal counts as a "strike" under 42 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 8th day of January, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[34]  28 U.S.C. § 1915(a)(3);  *see Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of *in forma pauperis* status is appropriate if the appeal is frivolous).

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AT DOCKET 33
*Cheek v. Cosby*, 1:10-cv-01664-RRB – 9